# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0103V

| | |
|---|---|
| HAFIN MERYCK PAINTER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On January 5, 2021, Hafin Meryck Painter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners alleged that he suffered a shoulder injury related to vaccine administration a defined Table injury or, in the alternative, caused-in-fact injury, after receiving an influenza vaccine on November 1, 2019. Petition, ECF No. 1. On May 14, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 46.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,316.13 (representing $36,452.00 in fees plus $864.13 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 22, 2024, ECF No. 51. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 51-4.

Respondent reacted to the motion on August 27, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 52. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

After reviewing the billing records submitted with Petitioner's request, I find that several of the tasks performed by Attorney Kristina E. Grigorian are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing results in a reduction in the amount of fees to be awarded herein by $592.90.**[4]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 51-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $36,723.23 (representing $35,859.10 in fees plus $864.13 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] Some examples of such entries include the drafting of basic documents such as a notice of filing exhibit list, PAR Questionnaire, cover sheet, joint notices not to seek review; election to accept judgment; and statement of completion. Entries reduced include: 4/22/21; 5/3/21; 5/4/21 (two entries); 5/13/21 (three entries); 6/7/22; 6/8/22; 8/2/22; 8/8/22. ECF No. 51-2 at 4-17.

[4] This amount consists of ($325 - $172 = $153 x 2.20 hrs.) + ($410 + $177 = $233 x 1.10 hrs.) = $592.90

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.